EXHIBIT
"B."



# LCCC CODE OF STUDENT CONDUCT

The **Lehigh Carbon Community College** Code of Student Conduct
is adapted from The NCHERM Group Model Developmental Code of Student Conduct,
The NCHERM Group Code Model Project, 2013 as updated and is used here with
permission. **www.ncherm.org**

**A Developmental Framework for a Code of Student Conduct:**
**The NCHERM Group Code Project**
**Community College Edition**
**September 2013, updated March 12, 2014**

**Authored Collaboratively By:**
**William Fischer, J.D.**
**W. Scott Lewis, J.D.**
**John Wesley Lowery, Ph.D.**
**Saundra K. Schuster, J.D.**
**Brett A. Sokolow, J.D.**
**Daniel C. Swinton, J.D., Ed.D.**

**Project Intern: J. Trent Kennedy (J.D. anticipated 2014)**

**© The NCHERM Group, LLC. 2013.**

*All rights reserved except for the perpetual and express permission that is granted to all colleges and universities to reproduce, adapt and incorporate revised versions of this document within codes of student conduct, with citation. All other uses require the written permission of The NCHERM Group, LLC.*

*Suggested Citation: <u>The NCHERM Group Code Model Project, 2013</u>.*

***Required Attribution if Any Portion of This Model Is Used***:

The ***Lehigh Carbon Community College*** *Code of Student Conduct*
*is adapted from The NCHERM Group Model Developmental Code of Student Conduct*
*and is used here with permission.*
**[www.ncherm.org](www.ncherm.org)**

**Policy No. 4-226**
**SECTION 4:  ACADEMIC REGULATIONS**
**2. Students**

**TITLE:  LCCC Code of Student Conduct**
**ADOPTED:**  June 4, 2014 (Resolution 49.54)
**REVISED:**  February 7, 2019 (Resolution 54.25)
**REVISED:**  September 3, 2020 (Resolution 56.08)

## TABLE OF CONTENTS

Preface .............................................................................................................. iv

Section 1: Mission/Vision/Philosophy Statement ......................................... 1

Section 2: Jurisdiction ................................................................................... 2

Section 3: Violations of the Law .................................................................. 4

Section 4: Standards of Conduct .................................................................. 5

Section 5:  Overview of the Conduct Process ............................................. 12

Section 6: Student Conduct Authority ......................................................... 15

Section 7: Formal Conduct Procedures ....................................................... 18

## PREFACE

## Core Values of Student Conduct

- _**Integrity**_:
    College students exemplify honesty, honor and a respect for the truth in all of their dealings.

- _**Community**_:
    College students build and enhance their community.

- _**Social Justice**_:
    College students are just and equitable in their treatment of all members of the community and act to discourage and/or intervene to prevent unjust and inequitable behaviors.

- _**Respect**_:
    College students show positive regard for each other, for property and for the community.

- _**Responsibility**_:
    College students are given and accept a high level of responsibility to self, to others and to the community.

Lehigh Carbon Community College students are responsible for knowing the information, policies and procedures outlined in this document. The College reserves the right to make changes to this code as necessary and once those changes are posted online, they are in effect. Students are encouraged to check online [www.lccc.edu] for the updated versions of all policies and procedures.

# Lehigh Carbon Community College: Code of Student Conduct

## SECTION 1: MISSION/VISION/PHILOSOPHY STATEMENT

The **Lehigh Carbon Community College (herein referred to as "College")** community is committed to fostering a learning environment that is conducive to academic inquiry, a productive campus life and thoughtful study and discourse. The student conduct program within the **Office of The Dean of Student Support and Success** is committed to an educational and developmental process that balances the interests of individual students with the interests of the Lehigh Carbon Community College community.

A community exists on the basis of shared values and principles. At Lehigh Carbon Community College, student members of the community are expected to uphold and abide by certain standards of conduct that form the basis of the ***Code of Student Conduct***. These standards are embodied within a set of core values that include integrity, social justice, respect, community, and responsibility.

Each member of the College community bears responsibility for their own conduct and to assume reasonable responsibility for the behavior of others. When members of the community fail to exemplify these five values by engaging in violation of the rules below, campus conduct proceedings are used to assert and uphold the ***Code of Student Conduct***.

The student conduct process at the College is not intended to punish students; rather, it exists to protect the interests of the community and to challenge those whose behavior is not in accordance with our policies. Sanctions are intended to challenge students' moral and ethical decision-making and to help them bring their behavior into accord with our community expectations. When a student is unable to conform their behavior to community expectations, the student conduct process may determine that the student should no longer share in the privilege of participating in this community.

Students should be aware that the student conduct process is quite different from criminal and civil court proceedings. Procedures and rights in student conduct procedures are conducted with fairness, but do not include the same protections of due process afforded by the courts. Due process, as defined within these procedures, assures written notice and a hearing before an objective decision-maker. No student will be found in violation of College policy without information showing that it is more likely than not that a policy violation occurred and any sanctions will be proportionate to the severity of the violation and to the cumulative conduct history of the student.

# Lehigh Carbon Community College - Code of Student Conduct

## SECTION 2: JURISDICTION

Students at the College are provided a copy of the *Code of Student Conduct* annually in the form of a link on the College website: https://www.lccc.edu/student-experience/lccc-code-of-student-conduct. Hard copies are available upon request from the **Office of The Dean of Student Support and Success.** Students are responsible for having read and abiding by the provisions of the *Code of Student Conduct*.

The *Code of Student Conduct* **and the student conduct process apply to the conduct of individual credit and non-credit students and all College-affiliated student organizations or activities.** For the purposes of student conduct, the College considers an individual to be a student when an offer of admission has been extended/an application has been submitted/an enrollment fee has been paid and thereafter as long as the student has a continuing educational interest in the College. The College retains conduct jurisdiction over students who choose to take a leave of absence, withdraw or have graduated for any misconduct that occurred prior to the leave, withdrawal or graduation. If sanctioned, a hold may be placed on the student's ability to re-enroll and/or obtain official transcripts and/or graduate; all sanctions must be satisfied prior to re-enrollment eligibility. In the event of serious misconduct committed while still enrolled but reported after the accused student has graduated, the College may invoke these procedures and should the former student be found responsible, the College may revoke that student's degree.

**The *Code of Student Conduct* applies to behaviors that take place on or off the campus, at College-sponsored events and may also apply off-campus** when the **Dean of Student Support and Success or designee** determines that the off-campus conduct affects a substantial College interest.[1] A substantial College interest is defined to include:

- Any situation where it appears that the student's conduct may present a danger or threat to the health or safety of him/herself or others; and/or
- Any situation that significantly impinges upon the rights, property or achievements of self or others or significantly breaches the peace and/or causes social disorder; and/or
- Any situation that is detrimental to the educational mission and/or interests of the College;

**The *Code of Student Conduct* may be applied to behavior conducted online, via email or other electronic medium including but not limited to text, cell use, or any social media platform.** Students should also note that online postings such as blogs, web postings, chats and social networking sites are in the public sphere and are not private. These postings can subject a student to allegations of conduct violations. The College does not regularly search for this information but may take action if and when such information is found by or brought to the attention of College officials. However, most online speech by students not involving College networks or technology will be protected as free expression and not subject to this Code, with two notable exceptions:

- A true threat, defined as "a threat a reasonable person would interpret as a serious expression of intent to inflict bodily harm upon specific individuals";
- Speech posted online about the College or its community members that causes an on-campus disruption.

---

[1] Adapted, with gratitude, from Penn State University.

# Lehigh Carbon Community College - Code of Student Conduct

**The *Code of Student Conduct* applies to guests of community members** whose hosts may be held accountable for the misconduct of their guests. **The Code shall also be applied to camp attendees and high school bridge/extension/partner/dual-credit and continuing education programs by contractual agreements.** Visitors to and guests of the College may seek resolution of violations of the ***Code of Student Conduct*** committed against them by members of College community.

There is no time limit on reporting violations of the ***Code of Student Conduct***; however, the longer someone waits to report an offense, the harder it becomes for College officials to obtain information and witness statements and to make determinations regarding alleged violations.

**Those who are aware of misconduct are encouraged to report it as quickly as possible to the Office of Student Support and Success and/or to Campus Public Safety and Security**. Though anonymous complaints are permitted, doing so may limit the College's ability to investigate and respond to a complaint.

**A student facing an alleged violation of the *Code of Student Conduct* is not permitted to withdraw from the College until all allegations are resolved[2].**

**College email is the College's primary means of communication with students.** Students are responsible for all communication delivered to their College email address.

---

[2] Many students are simply electing to withdraw once notified that they are facing an accusation. Withdrawal, like admission, should require an administrative action. A student can request a withdrawal for any number of reasons, which can then be administratively approved or denied. In this approach, a request would be denied until the conduct complaint is resolved, if a complaint is pending at the time of the withdrawal request. Yes, a student may effectively withdraw themselves by dropping out, but must go through the process to change their status officially. This approach resolves the challenge of proceeding with the conduct process after a student withdraws themselves. Once the process is complete, if the student is sanctioned, the student must complete the sanctions before becoming eligible to re-enroll, if at all. A hold on withdrawal can be placed accordingly until then.

## SECTION 3: VIOLATIONS OF THE LAW

**Alleged violations of federal, state and local laws may be investigated and addressed under the *Code of Student Conduct*. When an offense occurs over which the College has jurisdiction, the College conduct process will usually go forward notwithstanding any criminal complaint that may arise from the same incident.**

The College reserves the right to exercise its authority of **interim suspension upon notification that a student is facing criminal investigation and/or complaint** (additional grounds for interim suspension are outlined on p. 22 of this Code of Student Conduct). Interim suspensions are imposed until a hearing can be held under Section 7 Formal Conduct Procedures.  Within that time, the suspended student may request an immediate hearing from the **Dean of Student Support and Success** to show cause why the interim suspension should be lifted. This hearing may resolve the allegation, or may be held to determine if the interim suspension should be continued. The interim suspension may be continued if a danger to the community is posed and the College may be delayed or prevented from conducting its own investigation and resolving the allegation by the pendency of the criminal process. In such cases, the College will only delay its hearing until such time as it can conduct an internal investigation or obtain sufficient information independently or from law enforcement upon which to proceed. .

**Students accused of crimes may request to take a leave from the College until the criminal charges are resolved.** In such situations, the College procedure for voluntary leaves of absence is subject to the following conditions:

- The accused  student must comply with all campus investigative efforts that will not prejudice their defense in the criminal trial; and

- The accused student must comply with all interim actions and/or restrictions imposed during the leave of absence; and

- The accused student must agree that, in order to be reinstated to active student status, they must first be subject to, and fully cooperate with, the campus conduct process and must comply with all sanctions that are imposed.

## SECTION 4: STANDARDS OF CONDUCT

**A.  Core Values and Behavioral Expectations**

**The College considers the behavior described in the following sub-sections as inappropriate for the College community and in opposition to the core values set forth in this document.** These expectations and rules apply to all students. The College encourages community members to report to College officials all incidents that involve the following actions. Any student found to have committed or to have attempted to commit the following misconduct is subject to the sanctions outlined in Section 7: Conduct Procedures.

<u>*Integrity:*</u> *College students exemplify honesty, honor and a respect for the truth in all of their dealings. Behavior that violates this value includes, but is not limited to:*

1) **Falsification**. Knowingly furnishing or possessing false, falsified or forged materials, documents, reports, accounts, records, identification or financial instruments;

2) **Academic Dishonesty**. Acts of academic dishonesty, including cheating, plagiarism and related misconduct as outlined in the College's *Academic Honesty Policy, found at* https://www.lccc.edu/LCCC/media/about-lccc/Sponsor%20Communications/27-c-(AC)June-4-2020_1.pdf and LCCC Policies and Regulations Manual;

3) **Unauthorized Access**. Unauthorized access to any College building (i.e. keys, cards, by time of day, etc.) facilities or grounds, unauthorized possession, duplication or use of means of access to any College building, facilities or grounds, or failing to timely report a lost College identification card or key;

4) **Collusion**. Action or inaction with another or others to violate the *Code of Student Conduct*;

5) **Trust.** Violations of positions of trust within the community;

6) **Election Tampering**. Tampering with the election of any College-recognized student organization (minor election code violations are addressed by the SGA);

7) **Taking of Property**. Intentional and unauthorized taking of College property or the personal property of another, including goods, services and other valuables;

8) **Stolen Property**. Knowingly taking or maintaining possession of property of another;

**Community:** *College students build and enhance their community. Behavior that violates this value includes, but is not limited to:*

9) **Disruptive Behavior**. Substantial disruption of College operations including obstruction of teaching, research, administration, other College activities, and/or other authorized non-College activities which occur on campus; includes but is not limited to overt disrespect for the ideas and opinions of others, disruptive talk during class, disruptive use of electronic devices, unauthorized tardiness or early departure from class.

10) **Rioting**. Causing or inciting others or participating with others in any disturbance that presents a clear and present danger to self or others, causes physical harm to others, or damage and/or destruction of property;

11) **Unauthorized Entry**. Misuse of access privileges to College premises or unauthorized entry to or use of buildings, facilities or grounds, including trespassing, propping open or unauthorized use of alarmed doors for entry into or exit from a College building;

12) **Trademark**. Unauthorized use (including misuse) of College or organizational names and images;

13) **Damage and Destruction**. Intentional, reckless and/or unauthorized damage to or destruction of College property or the personal property of another;

14) **College Computing Systems and Facilities.** Violating the College's *Technology – Responsible Use of College Computing Resources Policy*, found at https://www.lccc.edu/LCCC/media/about-lccc/Sponsor%20Communications/27-c-(AC)June-4-2020_1.pdf and LCCC Policies and Regulations Manual;

15) **Gambling**. Gambling as prohibited by the laws of the Commonwealth of Pennsylvania. Subject to local statutes, activities such as raffles, lotteries, drawings, sports pools and online betting activities that benefit recognized campus organizations may be permitted with the approval of the Director of Student Life. For more information, see *Gambling Policy* in Student Handbook;

16) **Weapons**. Possession of a firearm, explosive or weapon on College campus or in any building under College control or at any College-sponsored event without the explicit authorization of the College, whether or not a federal or state license to possess the same has been issued to the possessor.
    a) **Firearm** - any device that shoots a bullet, pellet, flare, tranquilizer, spear dart, paintball, or other projectile, whether loaded or unloaded, including those powered by $CO_2$

    b) **Explosive** - any chemical compound or mechanical mixture that contains any oxidizing and combustible units, or other ingredients, in such proportion, quantities or packing that upon ignition… may cause sudden destruction. This includes, but is not limited to firecrackers, black powder, dynamite, etc. as well as detonating devices.

    c) **Weapon** - any device designed to or traditionally used to inflict harm. This includes, but is not limited to firearms, slingshots, switchblades, daggers, black jacks, brass knuckles, bows and arrows, hand grenades, hunting knives, nun-chucks, throwing stars, etc. This also includes any object that could be reasonably construed as a weapon; or any object legally controlled as a weapon or treated as a weapon under the laws of the Commonwealth of PA.

For more information, see *Firearms, Weapons and Explosives Policy* in Student Handbook and LCCC Policies & Regulations Manual;

17) **Smoking**.   Smoking and/or the use of tobacco products including lighted cigars, cigarettes, pipes or any other form of smoking objects or devices including vape devices or electronic cigarettes in all buildings and on all campuses of the College**.** For more information, see *Smoking Policy* in Student Handbook and LCCC Policies and Regulations Manual;

18) **Fire Safety**. Violation of local, state, federal or campus fire policies including, but not limited to:
    a) Intentionally or recklessly causing a fire which damages College or personal property or which causes injury.
    b) Failure to evacuate a College-controlled building during a fire alarm;
    c) Improper use of College fire safety equipment; or
    d) Tampering with or improperly engaging a fire alarm or fire detection/control equipment while on College property. Such action may result in a local fine in addition to College sanctions;

19) **Animals**. Animals, with the exception of animals that provide assistance (e.g. seeing-eye dogs) are not permitted on campus except as permitted by law. https://www.lccc.edu/LCCC/media/about-lccc/Sponsor%20Communications/27-c-(AC)June-4-2020_1.pdf

20) **Wheeled Devices**. Skateboards, roller blades, roller skates, bicycles and similar wheeled devices are not permitted on College grounds.

# Lehigh Carbon Community College - Code of Student Conduct

***Social Justice:*** ***Students recognize that respecting the dignity of every person is essential for creating and sustaining a flourishing college community. They understand and appreciate how their decisions and actions impact others and are just and equitable in their treatment of all members of the community. They act to discourage and challenge those whose actions may be harmful to and/or diminish the worth of others. Conduct that violates this value includes, but is not limited to:***

For related policy information, see the College's following policies:
2-214 *Equal Employment Opportunity*
*2-610 Sexual Misconduct*
*2-612 Unlawful Harassment*
*4-203 Anti-Hazing*
 *at* https://www.lccc.edu/LCCC/media/about-lccc/Sponsor%20Communications/27-c-(AC)June-4-2020_1.pdf

21. **Discrimination**. Any act or failure to act that is based upon an individual or group's actual or perceived status (gender, gender identity, gender expression, sex, race, ethnicity, color, national origin, religion, age, disability, veteran or military status, genetic information, family or marital status, sexual orientation, or any other protected class under applicable local, state, or federal law that limits or denies the ability of any person to participate in or benefit from the College's educational program or activities. *See the College's policy 2-214 Equal Employment Opportunity at* https://www.lccc.edu/LCCC/media/about-lccc/Sponsor%20Communications/27-c-(AC)June-4-2020_1.pdf

22) **Harassment**. Any unwelcomed conduct based on actual or perceived status including: (gender, gender identity, gender expression, sex, race, ethnicity, color, national origin, religion, age, disability, veteran or military status, genetic information, family or marital status, sexual orientation, or any other protected class under applicable local, state, or federal law. Any unwelcome conduct should be reported to campus officials, who will act to remedy and resolve reported incidents on behalf of the victim and community. *See the College's policy 2-612 Unlawful Harassment at* https://www.lccc.edu/LCCC/media/about-lccc/Sponsor%20Communications/27-c-(AC)June-4-2020_1.pdf

a.) Hostile Environment. Sanctions can and will be imposed for the creation of a hostile environment when unwelcomed harassment is severe, pervasive (or persistent) or objectively offensive that it interferes with, limits or denies the ability of any person to participate in or benefit from the College's educational or employment program or activities[3].

23) **Retaliatory Discrimination or Harassment**.  Any intentional, adverse action taken by a responding individual or allied third party, absent legitimate nondiscriminatory purposes, against a participant or supporter of a participant in a civil rights grievance proceeding or other protected activity**.**

**24) Bystanding**.

    *a)* Complicity with or failure of any student to appropriately address known or obvious violations of the ***Code of Student Conduct*** or law*;*

    b) Complicity with or failure of any organized group to appropriately address known or obvious violations of the ***Code of Student Conduct*** or law by its members.

---

[3] This policy attempts to balance the need of the community to create a civil climate while also embracing the 1st Amendment protection that attaches to most harassing speech that is simply offensive.

25) **Abuse of Conduct Process**. Abuse of, interference with, or failure to comply in, College processes including conduct and academic integrity hearings including, but not limited to:
   a) Falsification, distortion, or misrepresentation of information;
   b) Failure to provide, destroying or concealing information during an investigation of an alleged policy violation;
   c) Attempting to discourage an individual's proper participation in, or use of, the campus conduct system;
   d) Harassment (verbal or physical) and/or intimidation of a member of a campus conduct body prior to, during, and/or following a campus conduct proceeding;
   e) Failure to comply with the sanction(s) imposed by the campus conduct system;
   f) Influencing, or attempting to influence, another person to commit an abuse of the campus conduct system.

_**Respect: College students show positive regard for each other and for the community. Behavior that violates this value includes, but is not limited to:**_
   For related policy information, see the College's _Equal Employment Opportunity Statement and Grievance procedure at_
   https://www.lccc.edu/LCCC/media/about-lccc/Sponsor%20Communications/27-c-(AC)June-4-2020_1.pdf

26) **Harm to Persons**. Intentionally or recklessly causing physical harm or endangering the health or safety of any person.

27) **Threatening Behaviors**:
   a. **Threat**. Written or verbal conduct that causes a reasonable expectation of injury to the health or safety of any person or damage to any property.
   b. **Intimidation**. Implied threats or acts that cause a reasonable fear of harm in another.

28) **Bullying and Cyberbullying**. Repeated and/or aggressive behaviors that intimidate or harm or control another person physically or emotionally, and are not protected by freedom of expression.

29) **Hazing.** Knowingly or recklessly, for the purpose of initiating, admitting or affiliating a minor or student into or with an organization, or for the purpose of continuing or enhancing a minor or student's membership or status in an organization, causing, coercing or forcing a minor or student to do any of the following:

   (1) Violate Federal or State Criminal law.
   (2) Consume any food, alcoholic liquid, drug or other substance which subjects the minor or student to a risk of emotional or physical harm.
   (3) Endure brutality of a physical nature, including whipping, beating, branding, calisthenics or exposure to the elements.
   (4) Endure brutality of a mental nature, including activity adversely affecting the mental health or dignity of the individual, sleep deprivation, exclusion from social

contact or conduct that could result in extreme embarrassment.

(5) Endure brutality of a sexual nature.

(6) Endure any other activity that crates a reasonable likelihood of bodily injury to the minor or student.

Hazing shall not include reasonable and customary athletic, law enforcement or military training, contests, competitions or events. *See the College's policy 4-203 Anti-Hazing at* https://www.lccc.edu/LCCC/media/about-lccc/Sponsor%20Communications/27-c-(AC)June-4-2020_1.pdf

**30) Intimate Partner/Relationship Violence**. Violence or abuse by a person in an intimate relationship with another (also called domestic and/or dating violence); including any violation of a Protection from Abuse Order;

**31) Stalking**.  A course of conduct directed at a specific person that is unwelcome and would cause a reasonable person to feel fear;

**32) Sexual Misconduct**. Includes, but is not limited to, sexual harassment, non-consensual sexual contact, non-consensual sexual intercourse, and/or sexual exploitation *See the College's policy 2-612 Sexual Misconduct at* https://www.lccc.edu/LCCC/media/about-lccc/Sponsor%20Communications/27-c-(AC)June-4-2020_1.pdf  and *Procedures for Victims of Sexual Assault* in Student Handbook for further information);

**33) Public Exposure**. Includes deliberately and publicly exposing one's intimate body parts, public urination, defecation, and public sex acts.

***Responsibility: College students are given and accept a high level of responsibility to self, to others and to the community. Behavior that violates this value includes, but is not limited to:***

**34) Alcohol**. Use, possession, manufacture or distribution of alcoholic beverages or paraphernalia except as expressly permitted by law and the College's alcohol policy at https://www.lccc.edu/about-lccc/safety-and-security or see *Alcohol and Other Drug Policy* in Student Handbook for further information;

**35) Drugs**. Use, possession, manufacture or distribution of illegal drugs and other controlled substances or drug paraphernalia except as expressly permitted by law and the College's Drug Policy https://www.lccc.edu/about-lccc/safety-and-security or see *Alcohol and Other Drug Policy* in Student Handbook for further information;

**36) Prescription Medications**. Abuse, misuse, sale, or distribution of prescription or over-the-counter medications;

**37) Failure to Comply**. Failure to comply with the reasonable directives of College officials or law enforcement officers during the performance of their duties

and/or failure to identify oneself and show acceptable photo identification (such as student ID, valid driver's license, valid state ID) to these persons when requested to do so;

38) **Financial Responsibilities**. Failure to promptly meet financial responsibilities to the College, including, but not limited to; knowingly passing a worthless check or money order in payment to the institution or to an official of the College acting in an official capacity.

39) **Arrest.** Failure of any student to accurately report an arrest by any law enforcement agency for any crime (including non-custodial or field arrests) to the **Office of the Dean of Student Support and Success** within seventy-two (72) hours of release.

40) **Other Policies**. Violating other published College policies or rules.

41) **Health and Safety**. Creation of health and/or safety hazards (dangerous pranks, hanging out of or climbing from/on/in windows, roofs, etc.). Committing any act likely to create an imminent safety or health hazard. Failure to comply with College , local, state or federal health and safety requirements and policies, even if temporary due to management of an emergency or ongoing crisis.

42) **Violations of Law**. Evidence of violation of local, state or federal laws, on College premises or at College sponsored activities, when substantiated through the College's conduct process.

## SECTION 5: OVERVIEW OF THE CONDUCT PROCESS

**This overview gives a general idea of how the College's conduct proceedings work, but it should be noted that not all situations are of the same severity or complexity. Thus, these procedures are flexible, and are not exactly the same in every situation, though consistency in similar situations is a priority. The conduct process and all applicable timelines commence with notice to an administrator of a potential violation of College rules.[4] Any of the following processes may be conducted remotely (phone, video conferencing) as needed.**

**"Day" or "days" shall mean throughout this document normal business days when the College is in operation.**

NOTICE. Once notice is received from any source (victim, 3rd party, online, etc.), the College may proceed with a preliminary investigation and/or may schedule an initial educational meeting/conference with the accused student to explain the conduct process to the accused student and gather information.

## A. STEP 1: Preliminary Inquiry and/or Educational Conference

The College conducts a **preliminary inquiry** into the nature of the incident, complaint or notice, the evidence available, and the parties involved. The preliminary inquiry may lead to:

1) A determination that there is insufficient evidence to pursue the investigation, because the behavior alleged, even if proven, would not violate the ***Code of Student Conduct***, (e.g.: for reasons such as mistaken identity or allegations of behavior that falls outside the code);

2) A more comprehensive investigation, when it is clear more information must be gathered (see detailed procedures in Section 7, E.);

3) A formal complaint of a violation and/or an educational conference with the accused student.

When an initial educational meeting/conference is held, the **possible outcomes include**:

- A decision not to pursue the allegation based on a lack of or insufficient evidence. The matter should be closed and records should so indicate;
- A decision on the allegation, also known as an "informal" or "administrative" resolution to an uncontested allegation (see immediately below);
- A decision to proceed with additional investigation and/or referral for a "formal" resolution.

**If** a decision on the allegation is made and the **finding is that the accused student is not responsible** for violating the Code, the process will end**.** The party bringing the complaint may request that the Dean of Student Support and Success and the Title IX Coordinator reopen the investigation and/or grant a hearing. This decision shall be in the sole discretion of the Dean of Student Support and Success and the Title IX Coordinator and will only be granted for extraordinary cause based on new evidence not provided previously.

**If** the College's **finding is that the accused student is in violation, __and__ the student accepts this finding within five (5) days of receiving notice of the findings**, the College considers this an "uncontested allegation." The administrator conducting the initial educational conference will then determine the sanction(s) for the misconduct, which the accused student may accept or reject. If accepted, the process ends[5].

**If the accused student accepts the findings, but rejects the sanction**, the College will then conduct a sanction-only hearing, conducted under Section 7, F b by a panel designated by the Dean of Student Support and Success which recommends a sanction to the Dean of Student Support and Success. The sanction is then reviewed and finalized by the Dean of Student Support and Success and is subject to appeal (see *Appeal Review Procedures* in Section 7, P.) by the accused student. Once the appeal is decided, the process ends.

**If** the administrator conducting the initial educational conference **determined that it is more likely than not that the accused student is in violation, and the student rejects**

**that finding in whole or in part**, then it is considered a "contested allegation" and the process moves to Step 2.

---

[4] In Title IX related issues, the "administrator" is any "responsible employee" as defined under Title IX and/or campus policy.

[5] In cases of minor misconduct, both steps in this paragraph can be accomplished in one meeting.

**B. STEP 2: Formal Hearing**

**In a "contested allegation", additional investigation may be commenced and/or a hearing may be held when there is reasonable cause to believe that a rule or rules have been violated.** A formal notice of the complaint will be issued to the accused student, and **a hearing will be held before a panel** established by the Dean of Student Support and Success**.** A finding ill be determined and is final except in cases that involve Title IX or other discrimination allegations. In those cases, the hearing results serve as a recommendation to the Dean of Student Support and Success and, where appropriate, the Title IX Coordinator, who review and finalize the finding.[6] If the finding is that the accused student is not responsible, the process ends. Applicable appeals options are described below.

**C. STEP 3: Review and Finalize Sanction(s).**

**If the student is found in violation(s), sanctions will be recommended by the panel to the Dean of Student Support and Success** (and Title IX Coordinator when applicable), who will review and finalize the sanctions, subject to the College appeals process by the accused student.

## SECTION 6: STUDENT CONDUCT AUTHORITY

**A. Authority**

**The Dean of Student Support and Success is vested with the authority over student conduct by the Board of Trustees and President.** The Dean of Student Support and Success may appoint a designee to oversee and manage components of the student conduct process. The Dean of Student Support and Success or designee may appoint administrative hearing [conference] and appeal panels as deemed necessary to efficiently and effectively supervise the student conduct process.

The **Dean of Student Support and Success or designee** will assume responsibility for the investigation of an allegation of misconduct to determine if the complaint has merit.

**B. Gatekeeping**

**No complaint will be forwarded for a hearing unless there is reasonable cause to believe a policy has been violated.** Reasonable cause is defined as some credible information to support each element of the offense, even if that information is limited to a credible witness or a victim's statement. A complaint wholly unsupported by any credible information will not be forwarded for a hearing.

---

[6] The findings of the hearing should only be overturned or modified when necessary to conform to Title IX and/or to repair error that would result in appeal.

## C. Conflict Resolution Options

**The Dean of Student Support and Success has discretion to refer a complaint to mediation or other forms of appropriate conflict resolution. To be binding, all parties must agree to conflict resolution and to be bound by the decision with no review/appeal.** Any unsuccessful conflict resolution can be forwarded for formal processing and hearing; however, at no time will complaints of physical sexual misconduct or violence be mediated as the sole institutional response. **The Dean of Student Support and Success may also suggest that complaints that do not involve a violation of the *Code of Student Conduct* be referred for mediation or other appropriate conflict resolution.**

## D. Composition of the Hearing Panel

**The Dean of Student Support and Success or designee will be responsible for assembling the Hearing Panel according to the following guidelines:**

1) The membership of the panel is selected from a pool of at least 6 students, 6 faculty, and 6 staff/administrative members appointed and trained for at least 9 hours annually by the Dean of Student Support and Success[7].or designee
2) For each complaint, a panel will be chosen from the available pool, and is usually comprised of one student, one faculty member, and one staff member or administrator. Availability may determine a different composition for the Panel, and in complaints involving discrimination, sexual misconduct, or other sensitive issues, the Dean of Student Support and Success will usually use three administrative/staff members for the panel. The Dean of Student Support and Success or designee appoints **the chair** of the Hearing Panel, who assures that College procedures are followed throughout the hearing. The chair will vote only in the event of a tie among the panel members.

## E. Administrative Hearing (or Conference) Officers

**Administrative Hearing Officers (AHO) are chosen from a pool of annually trained administrators or staff members selected by the Dean of Student Support and Success**

## F. Panel Pool and the Appeals Panel

---

[7] Alternatively, an all-administrative panel, or a panel without student members can be chosen

**Three-member Appeals Panels are drawn from the Hearing panel pool**, with the only requirement being that they did not serve on the Panel for the initial hearing. Appeals Panels review appeal requests submitted by the Dean of Student Support and Success. If an all administrative/staff panel is used to hear a sensitive issue, the Appeals Panel will also be comprised of only administrative/staff members.

**To serve in the panel pool, students must:**

1) Be in academic good standing and have completed [15] hours of academic credit with a cumulative GPA of at least 2.0.

2) Be in good standing with the conduct process throughout the semester in which they serve. Good standing is defined as having no record of misconduct during the semester(s) in which a student wishes to serve on the panel. A history of misconduct may disqualify a student for service.

3) Submit a letter of recommendation from a faculty member or administrator from within the College community.

**The Dean of Student Support and Success will have final authority to approve all those serving on the panel.** The non-voting advisor to the panel is the Dean of Student Support and Success or designee with responsibility for training the panel, conducting preliminary investigations, and ensuring a fair process for the party bringing the complaint and accused student. In the event of a resignation from the panel, the Dean of Student Support and Success or designee will solicit a replacement from the group from which the representative came.

**Decisions made, and sanctions imposed, by the panel or an AHO will be final and implemented, pending the normal appeal process.** At the discretion of the Dean of Student Support and Success or designee, implementation of sanctions may be stayed pending review.

## G.  Interpretation and Revision

**The Dean of Student Support and Success will develop procedural rules for the administration of hearings that are consistent with provisions of the *Code of Student Conduct*.** Material deviation from these rules will, generally, only be made as necessary and will include reasonable advance notice to the parties involved, either by posting online and/or in the form of written communication. The Dean of Student Support and Success or designee may vary procedures with notice upon determining that changes to law or regulation require policy or procedural alterations not reflected in this *Code*. The Dean of Student Support and Success or designee may make minor modifications to procedure that do not materially jeopardize the fairness owed to any party.

**Any question of interpretation of the *Code of Student Conduct* will be referred to the Dean of Student Support and Success, whose interpretation is final.** The *Code of Student Conduct* will be updated annually under the direction of the Dean of Student Support and Success with a comprehensive revision process being recommended every five [5] years.

## SECTION 7: FORMAL CONDUCT PROCEDURES

**In the event of a conflict in this Code of Student Conduct regarding procedures, Section 7 shall prevail.**

### A. College as Convener

The College is **the convener** of every action under this code. Within that action, there are several roles. The accused **student** is the person who is alleged to have violated the Code. The **party bringing the complaint**, who may be a student, employee, visitor, or guest, may choose to be present and participate in the process as fully as the accused student. There are **witnesses**, who may offer information regarding the allegation. There is an **investigator(s)** whose role is to present the allegations and share the evidence that the College has obtained regarding the allegations.

### B. Group Violations

**A student group or organization and its officers and membership may be held collectively and individually responsible when violations of this code occur by the organization or its member(s):**
- At organization-sponsored or co-sponsored events, whether sponsorship is formal or tacit;
- Have received the consent or encouragement of the organization or of the organization's leaders or officers; or
- Were known or should have been known to the membership or its officers.

Hearings for student groups or organizations follow the same general student conduct procedures. In any such action, individual determinations as to responsibility will be made and sanctions may be assigned collectively and individually and will be proportionate to the involvement of each individual and the organization.

### C. Amnesty:

1) **For Victims**
   **The College provides amnesty to victims who may be hesitant to report** to College officials because they fear that they themselves may be accused of minor

policy violations, such as underage drinking, at the time of the incident. Educational options will be explored, but no conduct proceedings or conduct record will result[8].

**2) For Those Who Offer Assistance**

To encourage students to offer help and assistance to others, **the College pursues a policy of amnesty for minor violations when students offer help to others in need.** At the discretion of the Dean of Student Support and Success, amnesty may also be extended on a case-by-case basis to the person receiving assistance. Educational options will be explored, but no conduct proceedings or conduct record will result.

**3) For Those Who Report Serious Violations**

**Students who are engaged in minor violations but who choose to bring related serious violations by others to the attention of the College are offered amnesty for their minor violations**. Educational options will be explored, but no conduct proceedings or record will result.

Abuse of amnesty requests can result in a decision by the Dean of Student Support and Success not to extend amnesty to the same person repeatedly.

**4) 'Safe Harbor' Rule**

The College has a 'safe harbor' rule for students. The College believes that students who have a drug and/or addiction problem deserve help. **If any College student brings their own use, addiction, or dependency to the attention of College officials outside the threat of drug tests or conduct sanctions and seeks assistance, a conduct complaint will not be pursued.** A written action plan may be used to track cooperation with the safe harbor program by the student. Failure to follow the action plan will nullify the safe harbor protection and campus conduct proceedings will be initiated.

## D.  Notice of Alleged Violation

**Any member of the College community, visitor or guest may allege a policy violation(s) by any student for misconduct under this *Code* by the following process and/or via *my.lccc.edu.***

**The Notice may also be given to the Dean of Student Support and Success or designee and/or to the Title IX Coordinator, when appropriate.** Additionally, administrators may act on notice of a potential violation whether a formal allegation is made or not. All allegations can be submitted by a victim or a third party, and should be submitted as soon as possible after the offending event occurs. The College has the right to pursue an

---

[8] Records regarding the provision of amnesty, however, should be maintained.

allegation or notice of misconduct on its own behalf and to serve as convener of the subsequent campus conduct process.

**The Dean of Student Support and Success or designee will assume responsibility for the investigation of the alleged violation as described in the sub-section below.**

## E. Investigation

Investigation is referenced in Section 5, Steps 1 and 2 above, with detailed investigation procedures described in this sub-section. **The Dean of Student Support and Success will appoint an investigator(s) for allegations under this *Code*.**[9] **The investigator(s) will take the following steps**, if not already completed:

1) Initiate any necessary remedial actions on behalf of the victim (if any);
2) Determine the identity and contact information of the party bringing the complaint, whether that person is the initiator of the complaint, the alleged victim, or a College proxy or representative;
3) Conduct an immediate preliminary investigation to identify an initial list of all policies that may have been violated, to review the history of the parties, the context of the incident(s), any potential patterns and the nature of the complaint;
   a) If the victim is reluctant to pursue the complaint, determine whether the complaint should still be pursued and whether sufficient independent evidence could support the complaint without the participation of the victim;
   b) Notify the victim of whether the College intends to pursue the complaint regardless of their involvement, and inform the victim of their rights in the process and option to become involved if they so choose;
   c) Preliminary investigation usually takes between 1-7 business days to complete;
4) If indicated by the preliminary investigation and authorized by the Dean of Student Support and Success, conduct a comprehensive investigation to determine if there is reasonable cause to believe that the accused student violated College policy, and to determine what specific policy violations should serve as the basis for the complaint;
   a) If there is insufficient evidence through the investigation to support reasonable cause, the allegations will be closed with no further action;

---

[9] For any complaint that falls under Title IX (e.g. sexual misconduct) or involves any other form of discrimination, the Dean of Student Support and Success will work under the direction of the Title IX Coordinator.

      b)  A comprehensive investigation usually takes between one day and two weeks;

5) Meet with the party bringing the complaint to finalize their statement, which will be drawn up by the investigator or designee as a result of this meeting;

6) Commence a thorough, reliable and impartial investigation by developing a strategic investigation plan, including a witness list, evidence list, intended timeframe, and order of interviews for all witnesses and the accused student, who may be given notice of the interview prior to or at the time of the interview;

      a)  Prepare the notice of alleged policy violation(s) on the basis of the reasonable cause determination, which may be delivered prior to, during or after the accused student is interviewed, at the discretion of the investigator(s);

7) Interview all relevant witnesses, summarize the information they are able to share and have each witness sign the summary to verify its accuracy;

8) Obtain all documentary evidence and information that is available;

9) Obtain all physical evidence that is available;

10) Complete the investigation promptly by analyzing all available evidence without unreasonable deviation from the intended timeline;

11) Make a finding, based on a preponderance of the evidence (whether a policy violation is more likely than not);

12) Present the investigation report and findings to the accused student, who may:

      a)  accept the findings,

      b)  accept the findings in part and reject them in part,

      c)  or may reject all findings;

13) Share the findings and update the party bringing the complaint on the status of the investigation and the outcome.

## F. Findings

**The following options (1-3) describe how to proceed depending on whether the responding student is found responsible and whether the accused student accepts or rejects the findings and/or the sanctions either in whole or in part.**

    **1)  The accused Student is <u>Found "Not Responsible"</u>**

Where the accused student is found not responsible for the alleged violation(s), the investigation will be closed. The party bringing the complaint, if any, may request that the Title IX Coordinator and/or Dean of Student Support and Success, as applicable, review the investigation file to possibly re-open the investigation or convene a hearing. The decision to re-open an investigation or convene a hearing rests solely in the discretion of

the Title IX Coordinator or the Dean of Student Support and Success as applicable, in these cases, and is granted only on the basis of extraordinary cause and based on new evidence not previously provided.

2) **The Responding Student Accepts a <u>Finding of "Responsible"…</u>**

   a) **The accused Student Accepts a Finding of "Responsible" <u>and Accepts the Recommended Sanctions.</u>**

   Should the accused student accept the finding that the student violated College policy, the Investigator will recommend appropriate sanctions for the violation, having consulted with Dean of Student Support and Success and/or Title IX Coordinator, as appropriate. In cases involving discrimination, recommended sanctions will act to end the discrimination, prevent its recurrence, and remedy its effects on the victim and the College community. If the responding student accepts these recommended sanctions, the sanctions are implemented by the Dean of Student Support and Success and the process ends. There will be a three-day period for review between the date of acceptance and when the resolution becomes final. Should the accused student decide to reject the sanctions within that time period, Option 2 b), below, will apply. This outcome is not subject to appeal.

   b) **The accused Student Accepts a Finding of "Responsible" <u>and Rejects the Sanctions Recommended</u>.**

   If the accused student accepts the "responsible" findings, but rejects the recommended sanctions, there will be an administrative conference on the sanction, only. Administrative conference procedures are detailed below.

3) **Accused <u>Student Rejects the Findings</u> Completely or In-part**

   a) **Accused Student Rejects the Findings <u>Completely</u>**

   Where the accused student rejects the finding that the student violated College policy, a **formal hearing will be convened within seven (7) business days**, barring exigent circumstances.

   **At the hearing, the investigator(s) will present their report to the panel, the panel will hear from the parties, and any necessary witnesses.** The investigation report will be considered by the panel, which renders an independent and objective finding. Full panel procedures are detailed below.

**If the panel finds the accused student not responsible** for all violations, the Dean of Student Support and Success will timely inform the parties of this determination and the rationale for the decision in writing. This determination is **subject to appeal by any party to the complaint**. Appeal review procedures are outlined below.

**If the panel finds a violation, it will recommend a sanction/responsive action to the Dean of Student Support and Success**, **who will** (confer with the Title IX Coordinator as necessary and), **render a decision within seven (7) days of receipt of the Panel's report and timely notify the parties (orally, as well as) in writing.** An appeal of sanction(s) may be filed by the accused student.

b) Accused <u>Student Accepts the Findings in Part and Rejects in Part</u>

Where the accused student rejects in part the finding that the student violated College policy, **there will be a panel hearing solely on the disputed allegations within seven (7) days after the Dean of Student Support and Success receives the panel's report**, barring exigent circumstances. For all findings holding a student responsible for a violation, the College will follow the sanctioning process detailed in sub-sections K(8) and K(9), below. If the Panel finds the accused student "Not Responsible" on any of the contested allegations, the process will move to the Sanctioning Phase on only the uncontested allegations, as detailed in sub-sections K(8) and K(9), below.

## G. Special Hearing Provisions for Sexual Misconduct, Discrimination and Other Complaints of a Sensitive Nature

**All hearings under this sub-section will be conducted by a three member administrative only panel drawn from the panel pool.** For sexual misconduct, discrimination and other complaints of a sensitive nature, whether the alleged victim is serving as the party bringing the complaint or as a witness, alternative testimony options may be provided, such as placing a privacy screen in the hearing room or allowing the alleged victim to testify from another room via audio or audio/video technology. While these options are intended to help make the alleged victim more comfortable, they are not intended to work to the disadvantage of the accused student.

The past sexual history or sexual character of a party will not be admissible in hearings unless such information is determined to be highly relevant by the panel Chair. All such information sought to be admitted by a party or the College will be presumed irrelevant until a showing of relevance is made, in advance of the hearing, to the Chair. Demonstration of pattern, repeated, and/or predatory behavior by the accused student, in the form of previous findings in any legal or campus proceeding, [or in the

form of previous good faith allegations], will always be relevant to the finding, not just the sanction. The parties will be notified in advance if any such information is deemed relevant and will be introduced in the hearing.

The party bringing any complaint alleging sexual misconduct, other behavior falling within the coverage of Title IX and/or a crime of violence will be notified in writing of the outcome of a hearing, any sanctions assigned and the rationale for the decision.

## H. Notice of Hearing

**Once a determination is made that reasonable cause exists for the Dean of Student Support and Success or designee to refer a complaint for a hearing, notice will be given to the accused student.** Notice will be in writing and may be delivered by one or more of the following methods: in person by the Dean of Student Support and Success or designee; mailed to the local or permanent address of the student as indicated in official College records; or emailed to the student's College-issued email account. Once mailed, emailed and/or received in-person, such notice will be presumptively delivered.

The letter of notice will:
1) Include the alleged violation and notification of where to locate the *Code of Student Conduct* and College procedures for resolution of the complaint; and

2) Direct the accused student to contact the **Dean of Student Support and Success or designee** within a specified period of time to respond to the complaint. This time period will generally be no less than two (2) days from the date of delivery of the notice letter.

**A meeting with the Dean of Student Support and Success or designee may be arranged to explain the nature of the complaint and the conduct process**. At this meeting, the accused student may indicate, either verbally or in writing, to the Dean of Student Support and Success or designee**,** whether the student admits to or denies the allegations of the complaint.

## I. Interim Action
**When a student represents a threat of serious harm to others, is facing allegations of serious criminal activity, to preserve the integrity of an investigation, to preserve College property and/or to prevent disruption of, or interference with, the normal operations of the College. The Dean of Student Support and Success or designee may impose restrictions and/or separate a student from the community**

pending the scheduling of a hearing on the alleged violation(s) of the *Code of Student Conduct.* Interim actions can include separation from the institution or restrictions on participation in the community for no more than ten (10) business days pending the scheduling of a hearing on the alleged violation(s) of the *Code of Student Conduct*.

**A student who receives an interim suspension may request a meeting with the Dean of Student Support and Success or designee to demonstrate why an interim suspension is not merited.** Regardless of the outcome of this meeting, the College may still proceed with the scheduling of a hearing.

During an interim suspension, a student will be denied access to College campus/facilities/event including in person and online and remote classes. As determined appropriate by the Dean of Student Support and Success, this restriction may include classes and/or all other College activities or privileges for which the student might otherwise be eligible. At the discretion of the Dean of Student Support and Success and with the approval of, and in collaboration with, the appropriate Dean(s), alternative coursework options may be pursued to ensure as minimal an impact as possible on the accused student.

## J. Hearing Options & Preparation

**The following sub-sections describe the College's conduct hearing processes.** Except in a complaint involving failure to comply with the notice letter of the Dean of Student Support and Success or designee, no student may be found to have violated the *Code of Student Conduct* solely as a result of the **student's failure to appear for a hearing**. In all such instances, conduct hearings will proceed as scheduled and the information in support of the complaint will be presented to, and considered by, the Dean of Student Support and Success, AHO or panel presiding over the hearing .without the presence of the accused student.

Where the accused **student admits to violating the *Code of Student Conduct***, the Dean of Student Support and Success or designee may invoke administrative hearing procedures to determine and administer appropriate sanctions without a formal hearing. This process is also known as an ***administrative conference***. In an administrative conference, complaints will be heard and determinations will be made by the Dean of Student Support and Success or designee.

Where the accused **student denies violating the *Code of Student Conduct***, a hearing will be conducted. This process is known as a ***panel hearing***. At the discretion of the Dean of Student Support and Success or designee, a request by one or more of the parties to the complaint for an administrative conference may be considered. Students

who deny a violation for which a hearing will be held will be given a minimum of seven (7) days to prepare unless all parties wish to proceed more quickly. **Preparation for a panel hearing is summarized in the following guidelines:**

1) **Notice of the time, date and location of the hearing** will be in writing and may be delivered by one or more of the following methods: in person by the Dean of Student Support and Success or designee; mailed to the local or permanent address of the student as indicated in official College records; or emailed to the student's College-issued email account. Once mailed, emailed and/or received in-person, such notice will be presumptively delivered.

2) If there is an alleged victim of the conduct in question, the alleged victim may serve as the **party bringing the complaint** or may elect to have the College administration serve as the party bringing the complaint forward. Where there is no alleged victim, the College administration will serve as the party bringing the complaint forward.

3) **If an accused student fails to respond to notice from the Dean of Student Support and Success or designee**, the Dean of Student Support and Success or designee may initiate a complaint against the student for failure to comply with the directives of a College official and give notice of this offense. Unless the student responds to this notice within two (2) days by answering the original notice, an administrative conference may be scheduled and held on the student's behalf. As a result, the student may be administratively withdrawn from attending classes or a disciplinary hold may be placed on the students College account, deeming the student ineligible to register for courses until such time as the student responds to the initial complaint.

4) **At least three (3) days before any scheduled formal hearing, the following will occur:**
   a) The accused student will deliver to the Dean of Student Support and Success or designee, a written response to the complaint;

   b) The accused student will deliver to the Dean of Student Support and Success or designee**,** a written list of all witnesses for the College to call at the hearing;

   c) The accused student will deliver to the Dean of Student Support and Success or designee all physical evidence the student intends to use or needs to have present at the hearing and will indicate who has possession or custody of such evidence, if known, so that the Dean of Student Support and Success can arrange for its presence;

    d) The <u>party bringing the complaint</u> will deliver to the Dean of Student Support and Success or designee, a written list of all witnesses for the College to call at the hearing;

    e) The <u>party bringing the complaint</u> will deliver to the Dean of Student Support and Success or designee all items of physical evidence needed at the hearing and will indicate who has possession or custody of such evidence, if known, so that the Dean of Student Support and Success can arrange for its presence;

    f) The <u>party bringing the complaint and the responding student</u> will notify the Dean of Student Support and Success or designee of the names of any advisors/advocates who may be accompanying the parties at the hearing.

5) **The Dean of Student Support and Success or designee will ensure that the hearing information and any other available written documentation is shared with the parties at least two (2) days before any scheduled hearing**. In addition, at least five (5) days prior to the hearing, the parties will be given a list of the names of all the panelists in advance. Should any party object to any panelist, that party must raise all objections, in writing, to the Dean of Student Support and Success immediately, but no less than two (2) days prior to the hearing. Hearing officers will only be unseated if the Dean of Student Support and Success concludes that their bias precludes an impartial hearing of the complaint. Additionally, any panelist who feels they cannot make an objective determination must recuse themselves from the proceedings.

## K. Hearing Procedures

**The Dean of Student Support and Success will appoint one panelist as the Chair for the hearing.** The parties have the right to be present at the hearing; however, they do not have the right to be present during deliberations. **If a student cannot attend the hearing, it is that student's responsibility to notify the Dean of Student Support and Success no less than three (3) days prior to the scheduled hearing to arrange for another date, time and location.** Except in cases of grave or unforeseen circumstances, <u>if the</u> accused <u>student</u> fails to give the requisite minimum three (3) day notice, or if the accused student fails to appear, the hearing will proceed as scheduled. <u>If the</u> party <u>bringing the complaint</u> fails to appear, the complaint may be dropped unless the College chooses to pursue the allegation on its own behalf, as determined by the Dean of Student Support and Success.

**The Dean of Student Support and Success or designee, the Chair and the Panel will conduct hearings according to the following guidelines:**
1) Hearings will be closed to the public.

2) Admission to the hearing of persons other than the parties involved will be at the discretion of the panel Chair and the Dean of Student Support and Success.

3) In hearings involving more than one accused student, the standard procedure will be to hear the complaints jointly; however, the Dean of Student Support and Success may permit the hearing pertinent to each accused student to be conducted separately. In joint hearings, separate determinations of responsibility will be made for each responding student.

4) The parties have the right to an advisor/advocate of their own choosing, including attorneys. Typically, advisors are members of the campus community, but the parties may select whomever they wish to serve as their advisor. The advisor may not make a presentation or represent the party bringing the complaint or responding student during the hearing. They may confer quietly with their advisee, exchange notes, clarify procedural questions with the Chair and suggest questions to their advisee.

5) The party bringing the complaint, the accused student, the panel, and the Dean of Student Support and Success or designee will have the privilege of questioning all present witnesses and questioning all present parties (directly or through the Chair, at the discretion of the Chair). Unduly repetitive witnesses can be limited at the discretion of the panel Chair and/or the Dean of Student Support and Success, or designee.

6) Pertinent records, exhibits, and written statements may be accepted as information for consideration by the panel and the Dean of Student Support and Success. Formal rules of evidence are not observed. The panel Chair and/or the Dean of Student Support and Success or designee may limit the number of character witnesses presented or may accept written affidavits of character instead.

7) All procedural questions are subject to the final decision of the Dean of Student Support and Success or panel Chair.

8) After a hearing, the panel will deliberate and determine, by majority vote, whether it is more likely than not that the accused student has violated the ***Code of Student Conduct***. The Dean of Student Support and Success or designee will be present and available as a resource during all deliberations. Once a finding is determined, if the finding is that of a policy violation, the panel will determine an appropriate sanction(s). The Dean of Student Support and Success

or designee is responsible for informing the panel of applicable precedent and any previous conduct violations or other relevant pattern information about the accused student. The panel Chair will prepare a written deliberation report and deliver it to the Dean of Student Support and Success, detailing the recommended finding, how each member voted, the information cited by the panel in support of its recommendation, and any information the panel excluded from its consideration and why. This report should conclude with any recommended sanctions. This report should not exceed two pages in length and must be submitted to the Dean of Student Support and Success within two (2) days of the end of deliberations.

9) The Dean of Student Support and Success will consider the recommendations of the panel, may make appropriate modifications to the panel's report and will then render a decision and inform the accused student and party bringing the complaint (if applicable by law or College policy) of the final determination within seven (7) days of the hearing. Notification will be made in writing and may be delivered by one or more of the following methods: in person by the Dean of Student Support and Success or designee; mailed to the local or permanent address of the student as indicated in official College records; or emailed to the student's College-issued email account. Once mailed, emailed and/or received in-person, such notice will be presumptively delivered. In cases of sexual misconduct and other crimes of violence, notice of the outcome will be delivered to all parties simultaneously, meaning without substantial delay between the notifications to each.

10) There will be a single verbatim record, such as an audio recording, for all-hearings. Deliberations will not be recorded.  Hearing recordings will be retained until the conclusion of the timeframe for submitting an appeal or conclusion of the enacted appeal proceedings. The recording will then be destroyed, except in cases of suspension/expulsion wherein records will be retained indefinitely. Hearing recordings will be the property of the College, confidentially maintained by the Dean of Student Support and Success.

## L.  Conduct Sanctions

**One or more of following sanctions may be imposed upon any student for any single violation of the *Code of Student Conduct*:**

1) *Warning*: An official written notice that the student has violated College policies and/or rules and that more severe conduct action will result should the student be involved in other violations while the student is enrolled at the College.

2) _Restitution_: Compensation for damage caused to the College or any person's property. This could also include situations such as failure to return a reserved space to proper condition – labor costs and expenses. This is not a fine but, rather, a repayment for labor costs and/or the value of property destroyed, damaged, consumed, or stolen.

3) _Community/College Service Requirements_: For a student or organization to complete a specific supervised College service.

4) _Loss of Privileges_: The student will be denied specified privileges for a designated period of time.

5) _Confiscation of Prohibited Property_: Items whose presence is in violation of College policy will be confiscated and will become the property of the College. Prohibited items may be returned to the owner at the discretion of the Dean of Student Support and Success and/or Campus Public Safety and Security.

6) _Behavioral Requirement_: This includes required activities including, but not limited to, seeking academic counseling or substance abuse screening, writing a letter of apology, etc.

7) _Educational Program_: Requirement to attend, present and/or participate in a program related to the violation. It may also be a requirement to sponsor or assist with a program for others on campus to aid them in learning about a specific topic or issue related to the violation for which the student or organization was found responsible. Audience may be restricted.

8) _College Probation_: The student is put on official notice that, should further violations of College policies occur during a specified probationary period, the student may face suspension or expulsion. Regular probationary meetings may also be imposed.

9) _Eligibility Restriction_: The student is deemed "not in good standing" with the College for a specified period of time. Specific limitations or exceptions may be granted by the Dean of Student Support and Success and terms of this conduct sanction may include, but are not limited to, the following:

   a) Ineligibility to hold any office in any student organization recognized by the College or hold an elected or appointed office at the College; or

   b) Ineligibility to represent the College to anyone outside the College community in any way including: participating in the study abroad program, attending conferences, or representing the College at an official

function, event or intercollegiate competition as a player, manager or student coach, etc.

10) *College Suspension*: Separation from the College for a specified minimum period of time, after which the student is eligible to return. Eligibility may be contingent upon satisfaction of specific conditions noted at the time of suspension. The student is required to vacate the campus upon notification of the action, though this deadline may be extended upon application to, and at the discretion of, the Dean of Student Support and Success. During the suspension period, the student is banned from college property, functions, events and activities without prior written approval from the Dean of Student Support and Success. This sanction may be enforced with a trespass action as necessary.

11) *College Expulsion*: Permanent separation from the College. The student is banned from college property and the student's presence at any College-sponsored activity or event is prohibited. This action may be enforced with a trespass action as necessary.

12) *Other Sanctions*: Additional or alternate sanctions may be created and designed as deemed appropriate to the offense with the approval of the Dean of Student Support and Success or designee.

**The following sanctions may be imposed upon groups or organizations found to have violated the *Code of Student Conduct*:**
1) One or more of the sanctions listed above, and/or

2) Deactivation, de-recognition, loss of all privileges (including status as a College registered group/organization), for a specified period of time.

## M. Parental Notification

**The College reserves the right to notify the parents/guardians of dependent students regarding any conduct situation, particularly alcohol and other drug violations.** The College may also notify parents/guardians of non-dependent students who are under the age of 21 of alcohol and/or other drug violations. Parental notification may also be utilized discretionarily by administrators when permitted by FERPA or consent of the student.

## N. Notification of Outcomes

**The outcome of a hearing is part of the education record of the accused student and is protected from release under the Federal Education Rights and Privacy Act (FERPA), except under certain conditions.** As allowed by FERPA, when a student is accused of a policy violation that would constitute a "crime of violence" or forcible or nonforcible sex offense, the College will inform the alleged victim/party bringing the complaint in

writing of the final results of a hearing regardless of whether the College concludes that a violation was committed. Such release of information may only include the accused student's name, the violation committed, and the sanctions assigned (if applicable). In cases of sexual misconduct and other offenses covered by Title IX, only, the rationale for the outcome will also be shared with all parties to the complaint in addition to the finding and sanction(s).

In cases where the College determines through the student conduct process that a student violated a policy that would constitute a "crime of violence" or nonforcible sex offense, the College may also release the above information publicly and/or to any third party. FERPA defines "crimes of violence" to include:
1) Arson
2) Assault offenses (includes stalking)
3) Burglary
4) Criminal Homicide—manslaughter by negligence
5) Criminal Homicide—murder and nonnegligent manslaughter
6) Destruction/damage/vandalism of property
7) Kidnapping/abduction
8) Robbery
9) Forcible sex offences
10) Non-forcible sex offences

## O. Failure to Complete Conduct Sanctions

**All students, as members of the College community, are expected to comply with conduct sanctions within the timeframe specified by the Dean of Student Support and Success or Administrative Hearing [Conference] Officer.** Failure to follow through on conduct sanctions by the date specified, whether by refusal, neglect or any other reason, may result in additional sanctions and/or suspension from the College. A suspension will only be lifted when compliance with conduct sanctions is satisfactorily achieved. This determination will be made by the Dean of Student Support and Success.

## P. Appeal Review Procedures

**Any party may request an appeal of the decision of the *Panel or Administrative Conference* by filing a written request to the Dean of Student Support and Success, subject to the procedures outlined below.** All sanctions imposed by the original hearing body remain in effect, and all parties should be timely informed of the status of requests for appeal, the status of the appeal consideration, and the results of the appeal decision.

**GROUNDS FOR APPEAL REQUESTS**

**Appeals requests are limited to the following grounds:**

1) A procedural error occurred that significantly impacted the outcome of the hearing (e.g. substantiated bias, material deviation from established procedures, etc.);
2) To consider new evidence, unavailable during the original hearing or investigation, that could substantially impact the original finding or sanction.[12] A summary of this new evidence and its potential impact must be included;[13]
3) The sanctions imposed are substantially outside the parameters or guidelines set by the College for this type of offense or the cumulative conduct record of the accused student.

**Appeals must be filed in writing with the Dean of Student Support and Success or designee within three (3) days of receipt by the accused student of the notice of the outcome to the hearing**, barring exigent circumstances. Any exceptions are made at the discretion of the Dean of Student Support and Success and, when appropriate, the Title IX Coordinator.

**The Dean of Student Support and Success will share the appeal by one party with the other party (parties) when appropriate** (e.g., if the accused student appeals, the appeal is shared with the complainant, who may also wish to file a response, request an appeal on the same grounds or different grounds). **The Dean of Student Support and Success will refer the request(s) to the College's designated Appeal Review Officer,** who serves a three-year term, appointed by the President. The Dean of Student Support and Success will also draft a response memorandum to the appeal request(s), based on the Appeal Review Officer's determination that the request(s) will be granted or denied, and why. **All request-related documents are shared with all parties prior to submission to the Appeal Review Officer.**

The Appeal Review Officer will conduct an initial review to determine if the appeal request meets the limited grounds and is timely. The Officer may consult with the Dean of Student Support and Success and/or Title IX Coordinator on any procedural or substantive questions that arise.

---

[12] Failure to provide information during or participate in an investigation or a hearing, even resulting from concern over pending criminal or civil proceedings, does not make evidence "unavailable" at the time of the hearing.

[13] The Dean of Student Support and Success is expected to consult with the chair of the original panel to inquire as to whether the new evidence would, in the opinion of the Chair, have substantially impacted the original finding or sanction

**If the appeal is not timely or substantively eligible, the original finding and sanction will stand and the decision is final. If the appeal has standing, the Appeal Review Officer determines whether to refer the appeal to an Appeals Panel (defined below) or to remand it to the original decision-maker(s), typically within 3-5 business days.**

Efforts should be made to use remand whenever possible, with clear instructions for reconsideration only in light of the granted appeal grounds. Where the original decision-maker may be unduly biased by a procedural error, a new panel will be constituted to reconsider the matter, which can in turn be appealed, once. **Full rehearing by the Appeals Panel are not permitted.** Where new evidence is presented or the sanction is challenged, the Appeals Review Officer will determine if the matter should be returned to the original decision-maker for reconsideration or if it should be reviewed by the Appeals Panel with instruction on the parameters regarding institutional consistency and any applicable guidelines. **In review, the original finding and sanction are presumed to have been decided reasonably and appropriately, thus the burden is on the appealing party(ies) to show clear error. The Appeals Panel must limit its review to the challenges presented.**

On reconsideration, the **Appeals Panel or original decision-maker may affirm or change the findings and/or sanctions of the original hearing body according to the permissible grounds.** Procedural errors should be corrected, new evidence should be considered, and sanctions should be proportionate to the severity of the violation and the student's cumulative conduct record.

**All decisions of the Appeals Panel are to be made within five (5) days of submission to the Appeals Panel and are final, as are any decisions made by the original hearing body, Dean of Student Support and Success or Title IX Coordinator as the result of reconsideration consistent with instructions from the Appeal Review Officer**.

**THE APPEALS PANEL**

**Three-member Appeals Panels are drawn from the hearing panel pool, with the following requirements to serve:**
1) they did not serve on the Panel for the initial hearing
2) they were not involved in the investigation in any way
3) they have been properly trained in appeals procedures

**The Appeal Review Officer will have final authority to approve all those serving on the panel.** The parties may challenge a panelist(s) on the basis of potential bias, and any panelist who cannot render an impartial decision must recuse themselves. The Appeals Review Officer will make the determination as to the validity of any challenge or need for recusal. In the event of a recusal from the panel, the Appeals Review Officer will solicit a replacement from the pool of panelists.

**The Dean of Student Support and Success or designee serves as the non-voting advisor**

**to the panel**, with responsibility for training the panel, conducting preliminary investigations, and ensuring a fair process for the complainant and responding student.

**The presumptive stance of the College is that all decisions made and sanctions imposed by the original decision-maker are to be implemented during the appellate process.** At the discretion of the Dean of Student Support and Success, and in consultation with the Title IX Coordinator when necessary, implementation of sanctions may be stayed pending review only in extremely exigent circumstances. This does not include proximity to graduation, end of term, or exams. Instead, it refers to an overwhelming likelihood, as determined by the Appeals Review Officer and Dean of Student Support and Success, in consultation, that the appeal would result in a reversal of the finding and/or substantial modification of the sanctions.

**OTHER GUIDELINES FOR APPEALS**
- All parties will be timely informed of the status of requests for appeal, the status of the appeal consideration, and the results of the appeal decision;
- Every opportunity to return the appeal to the original decision-maker for reconsideration (remand) should be pursued;
- Appeals are not intended to be full re-hearings of the complaint (de novo). In most cases, appeals are confined to a review of the written documentation or record of the original hearing, and pertinent documentation regarding the grounds for appeal; Witnesses may be called if necessary.
- Appeals are not an opportunity for appeals panelists to substitute their judgment for

---

[14] Students will not be panelists for sexual misconduct and other Title IX-covered behaviors, because of the chilling effect on reporting this may cause.

that of the original decision-maker merely because they disagree with the finding and/or sanctions. Appeals decisions are to be deferential to the original decision-maker, making changes to the finding only where there is clear error and to the sanction only if there is a compelling justification to do so.

## Q. Disciplinary Records

**All conduct records are confidentially maintained by the College in the Office of the Dean of Student Support and Success for seven (7) years from the time of their creation except those that result in separation (suspension or expulsion) and those that fall under Title IX, which are maintained indefinitely.**

## R.  Approval and Implementation

This *Code of Student Conduct* was initially approved on August 4, 2016 by the Board of Trustees, effective on August 17, 2016, revised and adopted February 7, 2019. Revised and adopted September 3, 2020.