UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

ALEXANDER SAAVEDRA,                         :
                  Plaintiff,                          :
                                                      :
        v.                                  :  No.   5:24-cv-2675
                                                      :
LEHIGH CARBON COMMUNITY COLLEGE,            :
                  Defendant.                          :
_____

**O P I N I O N**
Defendant's Amended Motion to Dismiss, ECF No. 16 - Denied

**Joseph F. Leeson, Jr.**                                                         October 23, 2024
**United States District Judge**

## I.   INTRODUCTION

Saavedra alleges that he was continually denied disability accommodations while a student at Lehigh Carbon Community College ("LCCC").  Further, after he was charged with an academic integrity violation, Saavedra alleges that he was intimidated into foregoing any right to a hearing on the matter.  Out of these actions, Saavedra alleges several claims of disability discrimination and violations of his constitutional rights.  Before the Court is LCCC's Amended Motion to Dismiss, arguing that Saavedra has failed to state a claim as to any of the eight counts.

## II.   BACKGROUND

The factual allegations, taken from the Complaint, *see* Compl. ECF No. 1, are as follows:

At the time of this controversy, Alexander Saavedra was a student at LCCC.  *Id.* ¶ 1.  His studies are impacted by his disabilities which are: "Autism; chemotherapy-induced peripheral neuropathy; a history of B-cell acute lymphoblastic leukemia with multiple relapses; a history of stem cell transplant; and poor immune reconstruction due to ongoing, weekly immunotherapies.  He additionally has Specific Learning Disabilities in reading, writing, and mathematics." *Id.* ¶ 2.

In his Spring 2022 semester at LCCC, Saavedra had a Section 504 disability accommodation plan which, *inter alia*, modified his exam conditions to include extended time and a distraction reduced environment. *Id*. Ex. A.

During the 2022 summer session, Saavedra was enrolled in a calculus course. *Id*. ¶ 4. Saavedra avers that throughout that entire summer, LCCC failed to work with him to develop and implement Section 504 accommodations much like those granted in the Spring of 2022. *Id*. As a result, Saavedra took the calculus class without the accommodations. *Id*. When he expressed concern about his preparedness for the upcoming midterm and his desire to withdraw from the class, his professor insisted he remain and take the exam. *Id*. ¶¶ 31, 32. The professor also assured him that she would reach out to Disability Support Services to see what accommodations she could give him. *Id*. ¶ 35. Saavedra avers that the professor never did so. *Id*.

During the midterm exam, Saavedra became fatigued due to his conditions and disabilities. *Id.* ¶ 39. To help him finish the exam, Saavedra enlisted the help of his mother who scribed his scratchwork for him. *Id.* ¶ 40. This scribe-accommodation was neither a part of his prior Spring 504 accommodation nor recommended until after the summer course. *Id*. ¶¶ 10, 11, Ex. A. On this, LCCC charged Saavedra with an academic integrity violation. *Id.* ¶ 42. To resolve the violation, Saavedra requested a hearing and hired a lawyer to advocate on his behalf. *Id.* ¶ 43. Upon learning that Saavedra hired a lawyer, Saavedra avers that "Dean Brian De Long threatened him [by stating], 'most of the cases like yours ending in a hearing will finish with bad outcomes, and there is no need to go through the whole process.'" *Id.* ¶ 44. To this, Saavedra was "so frightened" that he forwent the hearing altogether, allowing the violation to stand. *Id.* ¶ 45. Much of his fright stems from Saavedra's autism, which was diagnosed in August of 2022,

after the conduct underlying the academic integrity violation occurred. *Id.* ¶ 11, 46. The academic integrity violation remains on Saavedra's record, impairing his ability to apply to other universities and other future academic pursuits. *Id.* ¶ 53.

There are essentially two courses of conduct animating Saavedra's eight claims against LCCC: 1) LCCC's failure to implement an accommodation plan for the Summer 2022 session; and 2) Dean De Long's statement. In Count I and II, Saavedra brings a claim for discrimination under the Americans with Disabilities and Rehabilitation Act respectively. In Counts III and IV, Saavedra brings a claim for retaliation under the ADA and RA respectively. In Count V, Saavedra brings a claim for Equal Protection arising under 42 U.S.C. § 1983. In Count VI, Saavedra brings a claim for denial of due process arising under 42 U.S.C. § 1983. In Count VII, Saavedra brings a claim for fundamental fairness. In Count VIII, Saavedra brings a claim for breach of contract.

On September 9, 2024, LCCC filed the instant Amended Motion to Dismiss. *See* ECF No. 16.[1] On September 26, 2024, Saavedra filed a Response. For the reasons that follow, the Motion is denied.

## III.   LEGAL STANDARDS

### A.   Motion to Dismiss – Review of Applicable Law

Under Rule 12(b)(6), the court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right

---

[1]   Defendant filed an Amended Motion to Dismiss because it inadvertently failed to attach exhibits to the original Motion. Therefore, the Court dismisses the first Motion and treats the Amended Motion as the operative pleading.

to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). Also, "a document integral to or explicitly relied upon in the complaint may be considered." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotations omitted). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

IV.   ANALYSIS

    A.   Count I & II – ADA & Section 504 Discrimination

Since substantially the same standards govern Saavedra's ADA and Section 504 claims, the Court addresses them together. *See McDonald v. Pennsylvania*, 62 F.3d 92, 95 (3d Cir. 1995). To prevail on either claim, Saavedra must demonstrate that he "(1) has a disability; (2) was otherwise qualified to participate in a school program; and (3) was denied the benefits of the program or was otherwise subject to discrimination because of her disability." *Chambers ex rel.*

*Chambers v. Sch. Dist. Of Philadelphia Bd Of Educ.*, 587 F.3d 176, 189 (3d Cir. 2009). There is, however, a distinction with regard to the causation element. "The RA allows a plaintiff to recover if he or she were deprived of an opportunity to participate in a program solely on the basis of disability, while the ADA covers discrimination on the basis of disability, even if there is another cause as well." *CG v. Pennsylvania Dep't of Educ.*, 734 F.3d 229, 235–36 (3d Cir. 2013). Further, Section 504 requires that the claimant establish that the program receives federal assistance. 29 U.S.C. § 794(a). However, LCCC has not placed either of these distinctions at issue. Saavedra also claims compensatory damages under both statutes. To recover compensatory damages, the claimant must allege "'(1) knowledge that a federally protected right is substantially likely to be violated ... and (2) failure to act despite that knowledge.'" *Durham v. Kelley*, 82 F.4th 217 (3d Cir. 2023) (quoting *Haberle v. Troxell*, 885 F.3d 170 (3d Cir. 2018)).

      LCCC argues that the charge of academic dishonesty cannot be the basis of a discrimination claim because the conduct warranting the charge (his mother scribing for him) was never permitted under the Spring 2022 accommodations. Thus, LCCC argues, there exists no discrimination where Summer 2022 accommodations would not have excused the academically dishonest conduct charged. LCCC's argument, while well taken, is beside the point because the school's refusal to implement any accommodations *in it of itself* is the basis of the discrimination claim, not the charge of academic dishonesty. *Durham*, 82 F.4th at 226 (3d Cir. 2023) ("Refusing to make reasonable accommodations is tantamount to denying access.") This mischaracterization of the claims persists throughout LCCC's Motion. LCCC also declined to file a reply. The Court also finds that at this preliminary stage, Saavedra has pled sufficient facts to demonstrate LCCC had knowledge that his federal right was substantially likely to be violated where Saavedra was previously subject to accommodations, repeatedly requested

accommodations for the summer semester, and was denied the same. Accordingly, the Court overrules the Motion to Dismiss Counts I and II.

>B.     Counts III & IV – ADA & Section 504 Retaliation

To state a claim for retaliation under the ADA or Section 504, the claimant "must show (1) that they engaged in a protected activity, (2) that defendants' retaliatory action was sufficient to deter a person of ordinary firmness from exercising his or her rights, and (3) that there was a causal connection between the protected activity and the retaliatory action." *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007); *see also Montanye v. Wissahickon Sch. Dist.*, 218 F. App'x 126 (3d Cir. 2007) (analyzing an ADA retaliation claim under the same framework.)

LCCC contests only the second element, arguing that Saavedra has failed to substantiate an adverse action. At this early juncture, the Court disagrees. For Dean De Long's statement to be considered an adverse action, it must be "sufficient to deter a person of ordinary firmness from exercising his or her rights." *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007). This is an objective consideration which takes context into account. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006) (reasoning, in an analogous context, that "the significance of any given act of retaliation will often depend upon the particular circumstances. Context matters.") Here, that consideration accounts for Saavedra's autism, the effect it has on Saavedra's ability to comprehend the Dean's statement, and the vulnerability his autism exposes him to. At this early stage of proceedings, and drawing all reasonable inferences in favor of Saavedra, the Court holds that he has adequately pled an adverse action because a similarly situated person of ordinary firmness would have been deterred from pursuing his rights

in response to Dean De Long's statement. Accordingly, LCCC's Motion to Dismiss is denied with respect to Counts III and IV.

        **C.**      **Count V – Section 1983 Equal Protection**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). To sufficiently plead a Section 1983 claim for violation of the equal protection clause of the Fourteenth Amendment, Saavedra must allege that he "received different treatment from other similarly situated individuals or groups." *James S. ex rel. Thelma S. v. Sch. Dist. Of Philadelphia*, 559 F. Supp. 2d 600, 623 (E.D. Pa. 2008) (quoting *Brown v. Borough of Mahaffey, Pa.*, 35 F.3d 846, 850 (3d Cir.1994)).

LCCC again argues that Saavedra has failed to demonstrate discrimination where the academic dishonesty charge related to Saavedra's use of a scribe, an accommodation he was never afforded. Further, LCCC argues that the perceived threat cannot establish discrimination where Saavedra nonetheless retained an attorney for the appeal process but then declined to participate in the hearing. LCCC again misconstrues the Complaint. The basis of Saavedra's equal protection claim is that LCCC discriminated against him by refusing to implement his requested accommodations and by denying him access to the hearing by intimidating him after he hired an attorney. Since LCCC makes no argument on the substance of the claim, the Court denies the Motion with respect to Count V.

        **D.**      **Count VI - Section 1983 Procedural Due Process**

LCCC argues that Saavedra has failed to establish a Section 1983 procedural due process claim because "[i]n other cases where students claimed procedural due process violations, they

were either suspended or dismissed from an undergraduate or graduate degree program." Mot. at 13. Thus, LCCC appears to infer that Saavedra's claim does not implicate due process because he was never suspended or dismissed. LCCC's argument confuses a sufficient condition for a necessary condition. LCCC offers no legal support to suggest that procedural due process does not extend to charges of academic dishonesty. Accordingly, the Court denies the Motion as to Count VI.

### E. Counts VII & VIII – Breach of Contract & Fundamental Fairness

In his Response, Saavedra abandons Count VIII. *See* Resp. at 15. Accordingly, the Court will dismiss the claim. Finally, because LCCC offers no argument specific to the fundamental fairness claim, the Court denies LCCC's Motion with respect to Count VII.

## V. CONCLUSION

For the reasons noted, LCCC's Amended Motion to Dismiss is denied as to each count except for Count VIII which the Court will dismiss because Saavedra has abandoned the claim.

A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge